UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Civil Action No.: **1:08-cv-01164-RWR** |
| *Plaintiff*, | ) |  |
| v. | ) |  |
| **SIGNATURE FLIGHT SUPPORT CORPORATION,** *and* | ) |  |
| **HAWKER BEECHCRAFT SERVICES, INC.** | ) |  |
| *Defendants*. | ) |  |

## JOINT MEMORANDUM RESPONDING TO THE COURT'S JULY 11 ORDER

On July 11, 2008, the Court ordered the parties to file a joint memorandum addressing the following:

The second sentence of Part V(A) of the Hold Separate and Preservation of Assets Stipulation and Order states in part: "Defendant Signature may ensure that the Hawker Beechcraft Divestiture Assets comply with Signature's policies and procedures relating to compliance with... human resource... laws and regulations." The parties are ORDERED to file promptly a joint memorandum addressing the following question: In light of the definitions in Part I(G) of "Hawker Beechcraft Divestiture Assets" referring to FBO Facilities and in Part I(F) of "FBO Facility" referring to contracts relating to the business of providing IND FBO Services, would the sentence from Part V(A) quoted above permit Signature to, for example, make Hawker Beechcraft comply with any Signature policy to pay minimum wage in job categories where Hawker Beechcraft pays more?

The parties respectfully submit this Joint Memorandum to clarify the purpose and application of Section V.A. of the Hold Separate and Preservation of Assets Stipulation and Order ( "Stipulation and Order").  Section V.A is designed to and allows Signature to ensure that its business, which will include the Hawker Beechcraft Divestiture Assets, is operated in compliance with any legal and regulatory requirements.  It does not permit Signature to control

the wages or other compensation of employees at the Hawker Beechcraft facility, provided that those wages and compensation are lawful.

On July 3, the United States filed a proposed Final Judgment and the Stipulation and Order as part of a settlement with the defendants to address the alleged anticompetitive effects at Indianapolis International Airport ("IND") relating to the acquisition of the fixed base operations (FBO) of Hawker Beechcraft Services, Inc. ("Hawker Beechcraft") at seven U.S. airports by Signature Flight Corporation ("Signature").  Under the proposed Final Judgment, the defendants are required to sell either the Signature or Hawker Beechcraft FBO assets at IND to resolve the competitive concerns alleged in the Complaint.  Upon the entry of the Stipulation and Order  by the Court, the defendants will be allowed to consummate the transaction and Signature will own the Hawker FBO business.

To ensure that competition between the Signature and Hawker Beechcraft FBO assets is protected pending the completion of the divestiture, the Stipulation and Order requires that the Hawker Beechcraft Divestiture Assets "be operated as an independent, ongoing, economically viable competitive business held separate and apart from Defendant Signature's Operations." (Section V.A.).  Further, as set forth in Section V.B., defendants are required to take all steps necessary to ensure that the Hawker Beechcraft Divestiture Assets are "maintained and operated as an independent, ongoing, economically viable and active competitor in the provision of IND FBO Services."  However, as the United States has agreed to in other circumstances (see *United States v. UnitedHealth Group Incorporated and Sierra Health Services, Inc,*  1:08-cv-0322 (February 25, 2008, D.D.C.)(Docket No. 3.) and *United States v. Monsanto Company and Delta and Pine Land Company,* 1:07-cv-00992 (June 1, 2007 D.D.C.)(Docket No. 6)), Section V.A. of the Stipulation and Order includes an exception that permits Signature to ensure that the Hawker

Divestiture Assets "comply with Signature's policies and procedures relating to compliance with environmental, health, safety, human resource, and securities or other laws and regulations." The reason for the provision is straightforward: to help ensure that the Hawker Beechcraft Divestiture Assets are operated in compliance with the law. Because the Stipulation and Order otherwise requires a virtually complete separation between Signature and Hawker Beechcraft, absent the provision, Signature would have no way to ensure that the Hawker Divestiture Assets, which Signature will own at least until divestiture, are operated lawfully. Thus, in regard to the example cited by the Court, Signature cannot require that wages at the Hawker Beechcraft Divestiture Assets be reduced to minimum wage, because wages above minimum wage are lawful. By contrast, if the employees were receiving *less* than federal or state minimum wage, Section V.A. of the Stipulation would permit Signature to ensure that those employees receive at least the wages and compensation required by law.

We hope that we have addressed the Court's question, and respectfully request that the Stipulation and Order be entered.

Dated: July 16, 2008

FOR PLAINTIFF
/s/ Angela L. Hughes
Angela L. Hughes (DC Bar #303420)
Trial Attorney, Transportation, Energy
& Agriculture Section
Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 4100
Washington, DC 20530
Telephone: 202/307-6410
Facsimile: 202/307-2784
Email: angela.hughes@usdoj.gov

Respectfully submitted,

FOR DEFENDANT SIGNATURE
FLIGHT SUPPORT CORPORATION
/s/ Gordon L. Lang
Gordon L. Lang (DC Bar # 932731)
Nixon Peabody LLP
401 9th St. N.W., Suite 900
Washington, D.C. 20004
Telephone: 202/585-8319
Facsimile: 202/585-8080
Email: glang@nixonpeabody.com

FOR DEFENDANT HAWKER
BEECHCRAFT SERVICES, INC.
/s/ Richard Park
Richard Park (D.C. Bar # 458426)

Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202/639-7064
Facsimile: 202/639-7003
Email: richard.park@friedfrank.com
Peter Guryan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Telephone: 212/859-8477
Facsimile: 212/859-4000
Email: peter.guryan@friedfrank.com