UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br><br>   v.<br><br>SIGNATURE FLIGHT SUPPORT<br>CORPORATION *and*<br><br>HAWKER BEECHCRAFT SERVICES,<br>INC.,<br>    *Defendants.* | Civil Action No.:<br><br>Filed:  **08 1164**<br><br>Judge:<br><br>Date Stamped: |

## HOLD SEPARATE AND PRESERVATION OF ASSETS STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Hold Separate and Preservation of Assets Stipulation and Order ("Stipulation and Order"):

 A. "Acquirer" means the entity to whom defendants divest either the Signature Divestiture Assets or the Hawker Beechcraft Divestiture Assets.

B.    "Signature" means defendant Signature Flight Support Corporation, a Delaware corporation with its headquarters in Orlando, Florida, its successors and assigns, and its parents, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C.    "Hawker Beechcraft" means defendant Hawker Beechcraft Services, Inc., a Kansas corporation headquartered in Wichita, Kansas, its successors and assigns, and its parents, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

D.    "IND" means Indianapolis International Airport, located in the Indianapolis, Indiana metropolitan area.

E.    "IND FBO Services" means any or all services related to providing fixed base operator services to general aviation customers at IND, including, but not limited to, selling fuel, leasing hangar, ramp, and office space, providing flight support services, providing access to terminal facilities, or arranging for ancillary services such as rental cars or hotels.

F.    "FBO Facility" means any and all tangible and intangible assets that comprise the business of providing IND FBO Services, including, but not limited to, all personal property, inventory, office furniture, materials, supplies, terminal space, hangars, ramps, general aviation fuel tank farms for jet aviation fuel and aviation gas, and related fueling equipment, and other tangible property and all assets used in connection with the business of providing IND FBO Services; all licenses, permits, registrations, and authorizations issued by any governmental

organization relating to the business of providing IND FBO Services subject to licensor's approval or consent; all contracts, teaming arrangements, agreements, leases, commitments, certifications, and understandings relating to the business of providing IND FBO Services, including supply agreements; all customer lists, contracts, accounts, and credit records; all other records relating to the business of providing IND FBO Services; all intangible assets used in the development, production, servicing, and sale of IND FBO Services, including, but not limited to, all licenses and sublicenses, technical information, computer software and related documentation, know-how, drawings, blueprints, designs, design protocols, specifications for materials, specifications for parts and devices, and safety procedures for the handling of materials and substances.

    G.    "Hawker Beechcraft Divestiture Assets" means all rights, titles and interests, including all fee, leasehold and real property rights, in Hawker Beechcraft's existing and future FBO Facilities at IND that Signature will acquire in the Proposed Transaction.

    H.    "Signature Divestiture Assets" means all rights, titles and interests, including all fee, leasehold and real property rights, that Signature possesses in its FBO Facility at IND.

    I.    "Proposed Transaction" means Signature's proposed acquisition of certain assets from Hawker Beechcraft pursuant to the Sale of Line Service Business By Hawker Beechcraft Services, Inc. to Signature Flight Support Corporation Asset Purchase Agreement Dated February 21, 2008 that is the subject of the Hart-Scott-Rodino Premerger Notification Filing 2008-0879.

## II. **OBJECTIVES**

The proposed Final Judgment filed in this case is meant to ensure defendants' prompt divestiture of either the Hawker Beechcraft Divestiture Assets or the Signature Divestiture Assets for the purpose of maintaining competition in the provision of IND FBO services in order to remedy the effects that the United States alleges would otherwise result from Signature's acquisition of Hawker Beechcraft's FBO Assets. This Stipulation and Order ensures that, prior to such divestiture, the Hawker Beechcraft Divestiture Assets and the Signature Divestiture Assets will be preserved in their current or an improved state. This Stipulation and Order also ensures that the Hawker Beechcraft Divestiture Assets will be maintained as a separate and independent, economically viable, ongoing business uninfluenced by consummation of the Proposed Transaction, and that competition between the Signature Divestiture Assets and the Hawker Beechcraft Divestiture Assets in the provision of IND FBO services will be maintained until the divestiture of either the Hawker Beechcraft Divestiture Assets or the Signature Divestiture Assets is accomplished.

## III. **JURISDICTION AND VENUE**

This Court has jurisdiction over the subject matter of this action and over each of the parties hereto and venue of this action is proper in the United States District Court for the District of Columbia.

## IV. **COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT**

A. The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on defendants and by filing that notice with the Court.

B. Defendants shall abide by and comply with the provisions of the proposed Final Judgment, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an Order of the Court.

C. Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Stipulation and Order.

D. This Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

E.  In the event (1) the United States has withdrawn its consent, as provided in Paragraph IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

F.  Defendants represent that the divestiture ordered in the proposed Final Judgment can and will be made and that defendants later will raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

G.  Defendants shall take no action that would jeopardize, delay, or impede the divestiture required by the proposed Final Judgment, or, if a trustee is appointed pursuant to the Final Judgment, interfere with the ability of the trustee to complete the divestiture pursuant to the Final Judgment to an Acquirer acceptable to the United States.

## V. **HOLD SEPARATE AND PRESERVATION OF HAWKER BEECHCRAFT DIVESTITURE ASSETS**

Until the divestiture required by the Final Judgment has been accomplished:

A. The Hawker Beechcraft Divestiture Assets shall be operated as an independent, ongoing, economically viable competitive business held separate and apart from Defendant Signature's operations. Defendant Signature may ensure that the Hawker Beechcraft Divestiture Assets comply with Signature's policies and procedures relating to compliance with environmental, health, safety, human resource, and securities or other laws and regulations. Within twenty (20) days after the entry of this Stipulation and Order, defendants will inform the United States of the steps they have taken to comply with this Stipulation and Order.

B. Defendants shall not coordinate any aspect of their FBO operations, including marketing or sales. Defendants shall take all steps necessary to ensure that:

   (1) the Hawker Beechcraft Divestiture Assets are maintained and operated as an independent, ongoing, economically viable and active competitor in the provision of IND FBO Services;

   (2) the management of the Hawker Beechcraft Divestiture Assets will not be influenced by Signature;

   (3) the management of the Hawker Beechcraft Divestiture Assets acts to maintain and increase the sales of the Hawker Beechcraft Divestiture

      Assets, and to maintain at 2008 or previously approved levels for 2009, whichever are higher, all promotional, advertising, sales, technical assistance, and marketing support for the Hawker Beechcraft Divestiture Assets; and

  (4) the books, records, competitively sensitive sales, marketing, and pricing information, and decision-making concerning the provision and sale of IND FBO Services by the Hawker Beechcraft Divestiture Assets will be kept separate and apart from Signature's operations.

 C. Defendants shall provide sufficient working capital and lines and sources of credit to continue to maintain the Hawker Beechcraft Divestiture Assets as economically viable and competitive, ongoing businesses, consistent with the requirements of Sections V(A) and (B).

 D. Defendants shall not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment, remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any asset or assets of the Hawker Beechcraft Divestiture Assets.

 E. Defendants' employees with primary responsibility for the operation and sale of IND FBO Services for the Hawker Beechcraft Divestiture Assets, shall not be transferred or reassigned to other areas within the company except for transfer bids initiated by employees pursuant to defendants' regular, established job posting policy. Defendants shall provide the United States with ten (10) calendar days notice of such transfer.

F.	Defendants shall appoint a person or persons, subject to the approval of the United States in its sole discretion, to oversee the Hawker Beechcraft Divestiture Assets, and who will be responsible for defendants' compliance with this Section. This person shall have complete managerial responsibility for the Hawker Beechcraft Divestiture Assets, subject to the provisions of the proposed Final Judgment. In the event such person is unable to perform his duties, defendants shall appoint, subject to the approval of the United States in its sole discretion, a replacement within ten (10) working days. Should defendants fail to appoint a replacement acceptable to the United States within this time period, the United States shall appoint a replacement.

## VI.	PRESERVATION OF SIGNATURE DIVESTITURE ASSETS

Until the divestiture required by the proposed Final Judgment has been accomplished:

A.	Defendant Signature shall preserve, maintain, and continue to operate the Signature Divestiture Assets in a manner consistent with this Stipulation and Order and the proposed Final Judgment. Defendant Signature shall take all steps necessary to ensure that the Signature Divestiture Assets will be maintained and operated as an ongoing, economically viable and active competitor in the provision of IND FBO Services.

B.	Defendant Signature shall provide sufficient working capital and lines and sources of credit to continue to maintain the Signature Divestiture Assets as an economically viable and competitive, ongoing business.

C.     Defendant Signature shall not, except as part of a divestiture approved by the United States in accordance with the proposed Final Judgment, remove, sell, lease, assign, transfer, destroy, pledge or otherwise dispose of any of the Signature Divestiture Assets.

D.     Defendant Signature's employees whose duties are primarily related to the provision of IND FBO Services shall not be transferred or reassigned to other areas within the company except for transfer bids initiated by employees pursuant to Defendant Signature's regular, established job posting policy. Defendant Signature shall provide Plaintiff with ten (10) calendar days notice of such transfer.

## VII.  DURATION OF HOLD SEPARATE AND ASSET PRESERVATION OBLIGATIONS

Defendants' obligations under Sections V and VI of this Stipulation and Order shall remain in effect until (1) consummation of the divestiture required by the proposed Final Judgment or (2) until further order of the Court. If the United States voluntarily dismisses the Complaint in this matter, Defendants are released from all further obligations under this Stipulation and Order.

Dated: July 3, 2008

Respectfully submitted,

FOR PLAINTIFF

*/s/ Angela L. Hughes*

Angela L. Hughes (DC Bar #303420)
Trial Attorney, Transportation, Energy
& Agriculture Section
Antitrust Division
U.S. Department of Justice
450 5th Street, NW; Suite 4100
Washington, DC 20530
Telephone: 202/307-6410
Facsimile: 202/307-2784
Email: angela.hughes@usdoj.gov

FOR DEFENDANT SIGNATURE
FLIGHT SUPPORT CORPORATION

*/s/ Gordon L. Lang*

Gordon L. Lang (DC Bar # 932731)
Nixon Peabody LLP
401 9th St. N.W., Suite 900
Washington, D.C. 20004
Telephone: 202/585-8319
Facsimile: 202/585-8080
Email: glang@nixonpeabody.com

FOR DEFENDANT HAWKER
BEECHCRAFT SERVICES, INC.

*/s/ Richard Park*

Richard Park (D.C. Bar # 458426)
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202/639-7064
Facsimile: 202/639-7003
Email: richard.park@friedfrank.com

Peter Guryan
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Telephone: 212/859-8477
Facsimile: 212/859-4000
Email: peter.guryan@friedfrank.com

11

<u>ORDER</u>

IT IS SO ORDERED by the Court, this ___18___ day of ___July___, 2008.

___/s/ M. Roberts___
United States District Judge