**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
————————————————————————     )
                             )
UNITED STATES OF AMERICA,    )
                             )
         Plaintiff,          )
                             )
         v.                  )     Civil Action No. 08-1164 (RWR)
                             )
SIGNATURE FLIGHT             )
SUPPORT CORPORATION et al.,  )
                             )
         Defendants.         )
————————————————————————     )
```

**MEMORANDUM OPINION AND ORDER**

Defendant Signature Flight Support Corporation ("Signature")
moves under Federal Rules of Civil Procedure 60(b)(5) and
60(b)(6) to extend the deadline in the final judgment entered in
this case for Signature to dispose of a fixed base operation
("FBO") at Indianapolis International Airport from December 10,
2008 to December 10, 2009.  Plaintiff United States of America
cross-moves to enforce the final judgment and to appoint a
trustee to run the FBO at Indianapolis International Airport.
Because Signature does not show that applying the judgment
prospectively is no longer equitable or that there is any other
reason that justifies modifying the final judgment, Signature's
motion will be denied, and the United States' motion to appoint a
trustee will be granted.[1]

---

[1] Signature also moves for a partial stay of the execution of
the final judgment pending resolution of its motion for
modification of the final judgment.  The motion for a partial
stay will be denied as moot.

- 2 -

BACKGROUND

Signature owns and operates FBOs[2] at more than sixty airports in the United States.  Defendant Hawker Beechcraft Services, Inc. ("Hawker Beechcraft") operated FBOs at seven airports in the United States.  Both Signature and Hawker Beechcraft operated FBOs at Indianapolis International Airport. (Compl. ¶ 1.)  Signature contracted to purchase Hawker Beechcraft's FBO assets in February, 2008.  Signature and Hawker Beechcraft allocated approximately $25.9 million of the purchase price to Hawker Beechcraft's FBO located at the Indianapolis International Airport.  (Signature's Mem. in Supp. of Mot. for Relief From and Modification of J. ("Signature's Mem"), Ex. A ("Johnstone Decl.") at ¶ 4.)  The United States brought this civil antitrust action to enjoin the proposed acquisition asserting that the acquisition would create a monopoly in the market for FBO services at the Indianapolis International Airport, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  (Compl. ¶ 17.)

The United States filed its complaint in this action on July 3, 2008, along with a hold separate/preservation of assets stipulation and a proposed final judgment, both of which were

---

[2] FBOs "provide flight support services, including fueling, ramp and hangar rentals, office space rentals, and other services, to general aviation customers."  (Signature's Mem. in Supp. of Mot. for Relief From and Modification of J. ("Signature's Mem") at 2.)

- 3 -

consented to by the defendants.  The hold separate/preservation of assets agreement required Signature to operate the FBO at Indianapolis International Airport formerly owned by Hawker Beechcraft as a separate, independent ongoing competitor to the FBO owned by Signature.  (See Pl's Mem. in Opp'n to Signature's Mot. for Relief From and Modification of J. ("Pl.'s Opp'n") at 3.)  On October 30, 2008, a consent final judgment was entered in this case requiring Signature to divest one of its two Indianapolis FBOs within either 90 days of the date that the complaint was filed, or within five days of the entry of the final judgment.[3]  The final judgment allowed the United States to petition the court to appoint a trustee to operate and divest one of the two Indianapolis FBOs if Signature did not divest one of them by the deadline.[4]  Signature has moved to alter the final judgment to extend the deadline through December 10, 2009 by which it must divest the Indianapolis FBO, arguing that the "global financial crisis" makes it no longer equitable to require Signature to fulfil its obligations under the final judgment because "the market for the sale of FBOs has completely

---

[3] On November 4, 2008, the United States filed a notice that it consented to extend the deadline to divest one of the FBOs to December 10, 2008.

[4] On October 21, 2008, Signature informed the United States that it intended to sell the FBO formerly owned by Hawker Beechcraft at Indianapolis International Airport, not the FBO that Signature previously owned.  (See Signature's Mem. at 2.)

- 4 -

collapsed." (Signature's Mem. at 3.)  Signature asserts that it
received bids of "up to $20 million" dollars for the Hawker
Beechcraft FBO facility in September 2008, but that by November
2008, "several bidders had dropped out" and only two bidders
submitted bids, in the amount of $5 million dollars and
$7 million dollars.[5]  (See Signature's Mem. at 3; Johnstone Decl.
at ¶ 6.)  The United States opposes Signature's motion and has
cross-moved to appoint a trustee to run the Indianapolis FBO
formerly owned by Hawker Beechcraft.

DISCUSSION

I.   MODIFICATION

     Rules 60(b)(5) and 60(b)(6) provide that "[o]n motion and
just terms, the court may relieve a party or its legal
representative from a final judgment" if the movant shows that
"applying [the judgment] prospectively is no longer equitable,"
or if there is "any other reason that justifies relief" from the
judgment.  Relieving a party from its obligations under a final
judgment "is an extraordinary remedy, as would be any device
which allows a party . . . to escape commitments voluntarily made
and solemnized by a court decree." NLRB v. Harris Teeter
Supermarkets, 215 F.3d 32, 34-35 (D.C. Cir. 2000) (quoting Twelve
John Does v. Dist. of Columbia, 861 F.2d 295, 298 (D.C. Cir.

---

[5] Signature asserts that the bidder who offered $7 million
dollars withdrew its bid and resubmitted a bid for $6 million
dollars.  (Johnstone Decl. at ¶ 6.)

- 5 -

1988)).  A party seeking modification of a consent decree bears
the burden to establish that a "significant change in facts or
law warrants revision of the decree and that the proposed
modification is suitably tailored to the changed circumstances."
Harris Teeter Supermarkets, 215 F.3d at 35.  The changed
circumstances do not have to be entirely unforeseeable; it is
enough that the parties did not actually contemplate the changed
circumstances.  Evans v. Williams, 206 F.3d 1292, 1298 (D.C. Cir.
2000).  "Modification of a consent decree may be warranted when
changed factual conditions make compliance with the decree
substantially more onerous."  United States v. Western Electric
Co. Inc., 46 F.3d 1198, 1204 (D.C. Cir 1995) (quoting Rufo v.
Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)).
However, in this circuit, a movant who wants relief from a final
judgment must show that the changed circumstances were not taken
into account during the formulation of the consent final
judgment.  Harris Teeter Supermarkets, 215 F.3d at 34-36.

     Signature argues that it would be inequitable for the United
States to enforce the final judgment against it by forcing
Signature to sell the Hawker FBO for approximately 25% of the
value that it was listed for in the asset purchase agreement,
because the decrease in value was caused by a financial crisis
that neither party anticipated when negotiating the consent final
judgment.  (See Signature's Mem. at 6-7.)  Signature argues that

- 6 -

the financial crisis prevented potential buyers from obtaining

the credit necessary to purchase the FBO, and that credit worthy

purchasers were being denied credit solely because of the crisis.

(Id.)  As true as that may be, the United States points out in

its opposition that the final judgment was negotiated in the

midst of troubling economic news, and the parties specifically

countenanced the possibility that Signature would have difficulty

selling the Hawker Beechcraft FBO.  The final judgment

specifically states:

> [D]efendants have represented to the United States that
> the divestitures required below can and will be made,
> and that defendants will later raise no claim of
> hardship or difficulty as grounds for asking the Court
> to modify any of the divestiture provisions contained
> below[.]

(Final Judgment, Docket Entry 12, at 2.)  Section V of the final

judgment also states:

> If defendants have not divested [the FBO] within the
> time period specified in . . . this Final Judgment,
> defendants shall notify the United States of that fact
> in writing.  Upon application of the United States, the
> Court shall appoint a trustee selected by the United
> States and approved by the Court to effect the
> divestiture[.]

(Final Judgment at 8.)  These provisions appear to show that the

parties contemplated the possibility of difficulty selling the

FBO, and that they allocated to Signature the risk that there

would be difficulty with the divestiture after the entry of the

final judgment.  Signature explicitly agreed to raise no claim of

hardship or difficulty as grounds for asking the court to release

- 7 -

it from its obligation to divest the FBO.  Signature did not
limit its promise to raise no claim of hardship or difficulty by
creating an exception in the case of global financial or credit
crises.  Moreover, the parties created a provision that
explicitly deals with the possibility that Signature would face
hardship in timely divesting the FBO.  Where a consent final
judgment contemplates the occurrence of the circumstances that
form the basis of a party's motion to modify the final judgment,
the parties contemplated the "changed circumstances" and the
final judgment should be enforced contrary to the movant's
request  See United States v. Caterpillar, Inc., 227 F. Supp. 2d
73, 79-83 (D.D.C. 2002) (where the defendants moved to modify a
consent decree pertaining to emission standards for engines
manufactured by the defendants arguing that unanticipated cost
increases made compliance with the consent decrees substantially
more onerous, the district court denied the motion because the
decrees expressly contemplated the possibility of cost
increases); Thompson v. HUD, 220 F.3d 240, 248 (4th Cir. 1996)
(holding that a circumstance would not be considered
unanticipated for purposes of modifying a decree where a
provision of the decree was "specifically directed" to that
circumstance and would be needed only in that circumstance).

     In addition, Signature has not shown that it cannot sell the
FBO; Signature acknowledges that at least two bidders have

- 8 -

offered to purchase the FBO.  Instead, Signature complains that

selling the FBO to one of the current bidders would bring in a

far lower sales price than it had originally hoped for, a problem

that does not constitute a changed circumstance necessary to

modify a final judgment.  See Harris Teeter Supermarkets, 215

F.3d at 34-36 (where a chain of grocery stores moved to vacate a

consent decree that pertained to labor law violations asserting

that the consent decree was costing the defendant a substantial

amount of money because of its rapid growth, the court of appeals

denied the defendant's request, determining that the grocery

store chain had not shown that the difficulty of applying the

provisions of the consent decree to a larger company was an

unforseen obstacle that was not taken into account during the

formulation of the consent decree, and that self-imposed hurdles

such as a desire to avoid losing money do not count as

obstacles).  While Signature argues that modifying the final

judgment is in the public interest because it would support their

business at a time when the United States government has been

supporting many other businesses, this very case was filed to

assure the public interest in preventing a monopoly in the market

for FBO services at Indianapolis International Airport, the risk

of which would only increase by extending Signature's ownership

of the second FBO for an additional year.  (See Pl.'s Opp'n at 8-

10.)  Therefore, because the parties anticipated the

- 9 -

circumstances of which Signature complains, and because Signature has not shown that it is unable to comply with the consent final judgment, Signature's motion to modify the final judgment will be denied.

II. APPOINTMENT OF TRUSTEE

The United States has moved under Section V of the final judgment to appoint James A. Knauer as trustee of the FBO formerly owned by Hawker Beechcraft at Indianapolis International Airport. As is set forth above, Section V directs the court to appoint at the request of the United States a trustee the United States selects to sell the FBO if Signature has not sold the FBO by the deadline. The United States has shown that Signature has not sold the Indianapolis FBO within the time period required by the final judgment. The United States also asserts that because of Knauer's previous experiences as an appointed receiver, where he sold assets similar to the FBO formerly owned by Hawker Beechcraft, he has the necessary skill to effect the divestiture. (See Pl.'s Mem. in Supp. of Mot. to Appoint a Trustee, at 2, 4-5.) Signature opposes only to the extent that if its motion to modify the final judgment were granted, the motion to appoint a trustee would not be timely until December 2009. Because Signature's motion to modify the final judgment will be denied, and because Signature does not present any opposition to

- 10 -

appointing this specific trustee, the United States' motion to appoint Knauer as trustee will be granted.

<u>CONCLUSION AND ORDER</u>

Because Signature has not shown that applying the terms of the final judgment is not equitable, it is hereby

ORDERED that Signature's motion [17] to alter the final judgment be, and hereby is, DENIED, and Signature's motion to stay [18] be, and hereby is, DENIED as moot.  Because the final judgment specifically directs that a trustee be appointed on request of the United States if Signature does not divest the FBO, it is further

ORDERED that the United States' motion [23] to appoint a trustee under Section V of the final judgment be, and hereby is, GRANTED.  James A. Knauer is appointed Trustee under Section V of the final judgment.

SIGNED this 23rd day of March, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge